Report Date: July 3, 2019

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 03, 2019

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Christopher Ray Duxbury    Case Number: 0980 2:15CR00121-WFN-1

Address of Offender:    Spokane, Washington 99205

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: September 8, 2016

Original Offense:   Felon in Possession of a Firearm, 21 U.S.C. §§ 922(g)(1), 924(a)(2) - (2 counts)
Distribution of Oxycodone, 21 U.S.C. § 841(a)(1), (b)(1)( c )

Original Sentence:  Prison - 25 months     Type of Supervision: Supervised Release
TSR - 36 months

Asst. U.S. Attorney:  Caitlin A. Baunsgard    Date Supervision Commenced: January 17, 2018

Defense Attorney:  Houston Goddard    Date Supervision Expires: January 16, 2021

## PETITIONING THE COURT

To issue a summons and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 05/28/2019.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 3 | **Standard Condition # 14**: The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plan to change where the defendant work or anything about the defendant's work (such as the position or the job responsibilities), the defendant must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.<br><br>**Supporting Evidence**: Mr. Duxbury's employment at Rizzuto Foods, Inc., was terminated on or about June 21, 2019.  He failed to inform the undersigned officer within 72 hours of the change.<br><br>On June 26, 2019, the undersigned officer contacted Mr. Duxbury at his primary residence. He was questioned as to why he was not at work and he informed the undersigned officer he was fired on June 21, 2019.  He claimed he was going to call this officer to explain. Mr. |

Duxbury was informed that he is required to report any changes to his employment status to the undersigned officer within 72 hours.

On January 18, 2018, Mr. Duxbury signed his judgment for case number 2:15CR00121-WFN-1, indicating he understood all conditions ordered by the Court, including standard condition number 14, requiring him to report any changes to his employment within 72 hours.

4     **Special Condition #21**: The defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Duxbury is alleged to have used heroin on or about June 15 and 22, 2019.

On June 19, 2019, Mr. Duxbury reported to the probation office as directed, as he had failed to appear for two previous random urinalysis tests Mr. Duxbury admitted to using heroin on or about June 15, 2019, and signed a drug use admission form.

On June 26, 2019, the undersigned officer made contact with Mr. Duxbury at his residence. Mr. Duxbury had failed to appear for a random urinalysis test the day prior. When questioned about any illicit drug use, he initially denied any further use of heroin, however, later that day he called this officer and admitted to using heroin on June 22, 2019, the day after his employment was terminated. On June 27, 2019, he reported to the probation office and signed a drug use admission form.

On January 18, 2018, Mr. Duxbury signed his judgment for case number 2:15CR00121-WFN-1, indicating he understood all conditions ordered by the Court, including special condition number 21, prohibiting him from using controlled substances.

5     **Special Condition #21**: The defendant shall abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Duxbury failed to appear from random urinalysis testing at Pioneer Human Services on June 14, 18, and 25, 2019.

On the dates listed above, the color of the day for random urinalysis testing at Pioneer Human Services was brown 1, Mr. Duxbury's assigned color for urinalysis testing. He had been instructed to call the color line daily and to provide a urine sample between 7 a.m. and 7 p.m. if his color was called. On June 14, 18, and 25, 2019, Mr. Duxbury failed to appear for urinalysis testing as directed.

On January 18, 2018, Mr. Duxbury signed his judgment for case number 2:15CR00121-WFN-1, indicating he understood all conditions ordered by the Court, including special condition number 21, requiring him to submit to urinalysis testing as directed.

| | |
|---|---|
| 6 | **Special Condition #19:** You shall undergo a substance abuse evaluation and, if indicated by a license/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to our ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence:** Mr. Duxbury is alleged to have failed to attend drug and alcohol treatment on the following dates: May 28, June 11, 18, 25 and July 1, 2019.

The undersigned officer has been notified by staff at Pioneer Human Services that Mr. Duxbury did not attend drug and alcohol treatment on the above dates listed.

On January 18, 2018, Mr. Duxbury signed his judgment for case number 2:15CR00121-WFN-1, indicating he understood all conditions ordered by the Court, including special condition number 19, requiring him to enter into and complete substance abuse treatment.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Executed on: | 07/03/2019 |
| | s/Corey M. McCain |
| | Corey M. McCain<br>U.S. Probation Officer |

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

_____
Signature of Judicial Officer

_7/3/2019_
Date